| | |
|---|---|
| DAVID FLORENCE,<br><br>                Plaintiff,<br><br>    v.<br><br>S. KERNAN, et al.,<br><br>                Defendants. | No. 1:18-cv-01045-AWI-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED WITHOUT PREJUDICE**<br><br>**(Doc. 10)**<br><br>**21-DAY DEADLINE** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

On August 23, 2018, filed a motion for temporary restraining order and preliminary injunction. (Doc. 10.) "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits and to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as a matter of right.  In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.  In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.*, at 24 (citations and quotations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Id.*, at 22.

       Requests for prospective relief are further limited by 18 U.S.C. § 3626 (a)(1)(A) of the

Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right." As an initial matter, the Court is unable to discern what relief Plaintiff is requesting. While the Court assumes that Plaintiff seeks an order preventing his transfer to an intermingled yard of GP and SNY inmates, he makes no specific statement as to the relief he seeks -- which clearly does not meet the requirements of § 3626.

Further, "[a]n inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue, must adequately plead such a violation; . . . ." *Farmer v. Brennan*, 511 U.S. 825, 845-46 (1994) (citations and quotations omitted). It is subsequent to screening, such as in efforts to survive summary judgment, that a plaintiff "must come forward with evidence from which it can be inferred that the defendant-officials were at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future." *Id.*, at 845-46. However, at the pleading stage, the Court is not in a position to determine questions of a claim's merits which require submission of evidence as opposed to merely determining whether a claim has been stated. *Barrett v. Belleque*, 544 F.3d 1060 (9th Cir. 2008).

The Court screened Plaintiff's First Amended Complaint and found it was deficient and granted him leave to file a second amended complaint. At this point, the Court has not determined whether Plaintiff will be able to state any cognizable claims, let alone whether he is entitled to relief. However, even after Plaintiff files a second amended complaint, assuming that he will state at least one cognizable claim, his request for a temporary restraining order/injunctive relief cannot be adequately addressed until evidence is submitted. Thus, his request must be denied without prejudice.

Accordingly, the Court **RECOMMENDS** that Plaintiff's motion for injunctive relief, filed on August 23, 2018, be denied for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 11, 2018**             **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE