# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE, | **Case No. 1:18-cv-01045-AWI-JLT (PC)** |
| Plaintiff, | |
| v. | **ORDER REGARDING DEFENDANT'S OBJECTIONS** |
| S. KERNAN, et al., | **(Docs. No. 24, 25)** |
| Defendants. | |

Plaintiff David Florence is a state prisoner proceeding *pro se* and i*n forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

*Relevant Procedural History*

Plaintiff's First Amended Complaint was screened and found to be noncompliant with Federal Rule of Civil Procedure 8, and appeared to be in violation of Rules 18 and 20. See Doc. No. 13. The Court granted leave to file a second amended complaint and directed Plaintiff to choose which of claims would proceed in this action. See id. at 4-5. Plaintiff filed a Second Amended Complaint ("SAC"), which was dated October 2, 2018, but received and docketed by the Clerk's Office on October 9, 2019. See Doc. No. 16. However, on October 22, 2018, Plaintiff filed another document that was also titled as a second amended complaint, along with a motion for leave to file it late. See Doc. Nos. 17, 18.

1

Plaintiff was informed in the First Screening Order that an amended complaint supersedes prior versions. See Doc. No. 13. Plaintiff's motion for leave to file another amended complaint late was granted and the document which had been lodged as a second amended complaint (Doc. 18) was ordered to be filed as the Third Amended Complaint ("TAC"). See Doc. No. 22.

The Magistrate Judge screened the TAC and issued a Findings and Recommendations ("the Screening F&R") to dismiss without leave to amend for failure to state a claim. See Doc. No. 21. The Screening F&R was served that same date and provided a period of twenty-one days in which to file objections. See id.

On February 26, 2019, in response to the Screening F&R, Plaintiff did not object to dismissal of the TAC, but instead inquired whether the Court received the SAC and indicated that he still wished to pursue the claims in the SAC. See Doc. No. 23.

The Court adopted the Screening F&R on March 11, 2019. See Doc. No. 24. As a result, the Court dismissed the TAC and closed the case.[1] See id. However, the Court also directed the Clerk's office to open a new case in which the SAC was to be the operative complaint. See id.

On March 12, 2019, the Clerk's Office opened Case No. 1:19-cv-331 BAM, with the SAC as the operative complaint, in response to the Court's March 11 order.

Also on March 12, 2019, Plaintiff signed objections to the Screening F&R and delivered the objections for mailing at his prison. See Doc. No. 25. The objections were filed by the Clerk's Office on March 15, 2019. See id.

On March 27, 2019, Plaintiff filed in this case objections to being required to pay a filing fee in Case No. 1:19-cv-331-BAM. See Doc. No. 26.

*Discussion*

With respect to Plaintiff's March 15 objections to the Screening F&R, those objections are untimely. Plaintiff was given twenty-one days from February 8, 2019, in which to file objections.

---

[1] The SAC was superseded when Plaintiff submitted another "second amended complaint," which was subsequently filed and renamed as the TAC. The case at bar thus proceeded on the TAC. As discussed in the Screening F&R and the First Screening Order (Doc. 13), Plaintiff could not proceed on his claims in the SAC because when viewed along with the claims in the TAC, Rules 18 and 20 were violated.

See Doc. No. 21. Applying the mailbox rule to Plaintiff's objections, the objections were untimely and made at a time when the case had been closed. Under these circumstances, the Court finds that the appropriate action is to strike the objections as untimely made.[2]

With respect to his objections about being required to pay the filing fee in Case No. 1:19-cv-933-BAM, the Court finds that Plaintiff should file his objections in Case No. 1:19-cv-933 BAM, not this case. When the Court issued its order adopting the Screening F&R, the Court ordered the Clerk's Office to open a new case. The Court did not address payment of fees. Therefore, the payment of any fees is an issue that should be addressed and resolved in Case No. 1:19-cv-933 BAM. The Court will strike Plaintiff's objections regarding filing fees from the docket of this case, but will order the Clerk's Office to file those objections in Case No. 1:19-cv-933 BAM, where they can be properly addressed.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to findings and recommendation (Doc. No. 25) and objections to payment of a filing fee (Doc. No. 26) are STRICKEN from the docket of this case;
2. The Clerk shall file a copy of Plaintiff's objections relating to a filing fee in Case No. 1:19-cv-933 BAM;
3. Plaintiff is directed to refrain from filing any motions or papers in this case that relate to his pursuit of Case No. 1:19-cv-933 BAM; and
4. This case remains CLOSED.

IT IS SO ORDERED.

Dated: April 12, 2019

_____
SENIOR DISTRICT JUDGE

---

[2] The Court notes that it has nevertheless reviewed Plaintiff's objections. Nothing in the objections would change the Court's adoption of the Screening F&R or otherwise warrant the reopening of this case.